**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY ENCARACION-ARAUJO, | Civil Action No. 26-9420 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Henry Encaracion-Araujo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall").  (ECF No. 1).

2.      Petitioner is a citizen of the Dominican Republic.  (ECF No. 4-1 at 1).  He entered the United States on or about October 28, 2022 and was detained by Border Patrol shortly after his arrival.  (*Id.* at 2).

3.      He was processed for expedited removal and ordered removed pursuant to 8 U.S.C. § 1225(b)(1) on November 2, 2022.    (ECF No. 4-2).

4.      He was released on parole on December 14, 2022.  (ECF No. 4-1 at 2).

5.      Petitioner was detained by ICE on July 5, 2026.  (ECF No. 1 ¶ 3).

6.      Respondents filed an answer on July 30, 2026 arguing that Petitioner is properly detained pursuant to § 1225(b)(1) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) has a credible

fear claim pending before an asylum officer. Thus, Petitioner falls under the mandatory detention requirements of § 1225(b)(1)." (ECF No. 4 at 2).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. District courts, with limited exceptions, do not have "jurisdiction to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

10. This Court may only determine whether Petitioner is a noncitizen, whether he was ordered removed pursuant to § 1225(b)(1), and whether he "can prove by a preponderance of the evidence that he is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)-(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

11. "Only the second situation—*i.e.*, whether petitioner was ordered removed—is relevant to the Petition. This 'review should only be for whether an immigration officer issued

2

that piece of paper and whether the [Petitioner] is the same person referred to in that order.'" *Paez-Paez v. Blanche*, No. 26-cv-7285, 2026 WL 1831629, at *1 (D.N.J. June 25, 2026) (quoting *Castro*, 835 F.3d at 431)).

12.    Petitioner challenges the validity of the Notice and Order of Expedited Removal dated November 2, 2022 (Order), arguing that an immigration officer did not follow the procedures in 8 C.F.R. § 235.3(b)(2)(i) before issuing the Order.  (ECF No. 5 at 4).  He also argues that he was not served with the Order.[1]  (*Id.*)  He does not assert that he is not the person named in the Order.

13.    The Order has been filled out and signed by an immigration officer and supervisor. (ECF No. 4-2 at 1.)  An expedited removal order becomes final when it has been reviewed and approved by the appropriate supervisor.  8 C.F.R. §235.3(b)(7).  Pursuant to *Castro*, that is the end of this Court's inquiry.

14.    This Court does not have jurisdiction to reach Petitioner's arguments that he was improperly detained pursuant to § 1225(b)(1).  "Now that there is an administratively final removal order, Petitioner's detention claims are not wholly collateral to the removal process; they are inextricably linked to it."  *Sangare v. Soto*, No. 26-cv-0758, 2026 WL 575374, at *1 (D.N.J. Mar. 2, 2026) (cleaned up) (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

---

[1]This Court notes that the Order states that an immigration officers served Petitioner with the Order on November 2, 2022, but Petitioner refused to sign.  (ECF No. 4-2 at 1-2).

3

15. Therefore, this Court will dismiss the Petition and lift any restrictions that were imposed on his location.

16. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 13, 2026